■ GENE T. McKENZIE, as Temporary Administrator of the Estate of CHARLES F. McKENZIE, Deceased, Appellant, v CLEARY, GOTTLEIB, STEEN & HAMILTON, et al., Respondents. [632 NYS2d 98] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered April 1, 1994, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for an adjournment, unanimously affirmed, without costs.

The administrator of McKenzie's estate seeks to hold defendant law firm and certain of its employees responsible for McKenzie's mental distress and suffering which culminated in his suicide on January 27, 1992. Dismissal of the complaint was properly granted since plaintiff's four causes of actions, for intentional inflection of emotional distress, negligent supervision, wrongful death, and prima facie tort, fail to state a cognizable claim. Plaintiff also had adequate opportunity to obtain counsel to oppose defendants' motion to dismiss. Concur—Sullivan, J. P., Kupferman, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY CHARLES TILLERY, Appellant. [632 NYS2d 99] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 22, 1993, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Although the court's charge did contain the rhetorical "who speaks the truth", we reject defendant's contention that the court erroneously "made virtually certain that the jurors would *not* apply the reasonable doubt standard until after they had determined what was the truth". The charge as a whole conveyed to the jury that it must determine whether the credible proof established defendant's guilt beyond a reasonable doubt. We have considered defendant's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Kupferman, Nardelli and Williams, JJ.